UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9480 FMO (KKx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | Leigh Carleu v. FCA US LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal of Action

On December 8, 2015, plaintiff Leigh Carleu, individually and as Administrator of the Estate of Stephen W. Carleu, deceased ("plaintiff") filed a Complaint in this court against FAC US LLC ("defendant"), asserting various state-law claims stemming from an automobile accident in 2012. (See Complaint). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. (See id. at ¶ 22).

The Complaint does not allege the citizenship of plaintiff, (see, generally, Complaint at ¶¶ 4-9), and alleges that defendant is a "Delaware limited liability company with its principal place of business in Auburn Hills, Michigan." (Id. at ¶ 10). On January 20, 2016, the parties filed their Joint Report of the Parties Pursuant to Rule 26(f) ("Rule 26(f) Report"), in which they state that plaintiff is a resident of New Jersey and echo the Complaint's allegations regarding defendant's citizenship. (See Rule 26(f) Report at 3).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-9480 FMO (KKx)** | Date | **January 25, 2016** |
|---|---|---|---|
| Title | **Leigh Carleu v. FCA US LLC** | | |

Because it appears that plaintiff (and defendant) may not have taken into consideration the distinction between the citizenship of a corporation and that of an LLC, and has therefore not adequately set forth defendant's citizenship, the court cannot determine whether it has subject matter jurisdiction.  Accordingly, IT IS ORDERED that:

1.  No later than **January 28, 2016**, plaintiff shall show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.  Among other things, plaintiff shall provide a declaration, under penalty of perjury, and supporting evidence, establishing her state of citizenship.

2.  No later than **January 28, 2016**, defendant shall set forth its citizenship.  Among other things, defendant shall provide a declaration, under penalty of perjury, and supporting evidence, establishing the citizenship and residence of **each** of its partners, members, and owners.

3.  **Failure to submit responses by the deadline set forth above may be deemed as consent to dismissal of the action without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |